# JULIO HERNANDEZ VS.
# JOSEPH D. LIGHT AND C&M TRUCK REPAIR
# CIVIL ACTION NO. 17-2224 (SDW-LDW)

## DECISION

Pursuant to Local Rule 201.1(e), the above matter was assigned to the undersigned as Arbitrator by Court Order entered on February 27, 2018.

Following receipt and review of the pleadings in this matter, a telephone conference with counsel and receipt of Arbitration Statements by the parties, the undersigned, as Arbitrator, convened a hearing on April 18, 2018.

At the time of the hearing, plaintiff presented the testimony of plaintiff, Julio G. Hernandez, for direct and cross-examination. The defendant followed with the testimony of defendant, Joseph D. Light, as well as the testimony of an accident reconstruction expert, Steven M. Schoor, P.E., of the firm of DJS Associates. The parties provided the Arbitrator with the post-hearing submissions.

Plaintiff, Julio Hernandez, was injured in a motor vehicle accident which occurred on September 14, 2015, at the intersection of Talmadge Road and National Road in Edison, New Jersey. The incident involved two vehicles: one driven by the plaintiff and the other driven by the defendant. Plaintiff's vehicle was a Toyota Camry. The defendant's vehicle was a 2006 Ford Ranger pick-up truck owned by his employer, C&M Truck Repair.

Talmadge Road is a two-lane, two-direction roadway that is oriented east/west. The eastbound lane is separated from the westbound lane by a painted medium island.

Plaintiff testified that he was travelling westbound on Talmadge Road when a Ford pick-up truck, which was attempting to cross the intersection to make a left-hand turn from National Road, which is controlled by a stop sign, collided with his vehicle broad side. The police report

Road, which is controlled by a stop sign, collided with his vehicle broad side. The police report notes that defendant stated that the traffic was heavy as he was attempting to make a left-hand turn through passing vehicles when the impact occurred.

The plaintiff and defendant both testified that it was a light impact, but, as noted in the police report, the defendant's pick-up truck struck the plaintiff's vehicle in the right quarter panel on the passenger side and further damage occurred as the plaintiff's vehicle continued to move until the vehicle came to a stop.

While defendant, Joseph D. Light, testified that he came to a full stop at the stop sign, he proceeded to try to make a left-hand turn through traffic and had to "jam on his breaks" when the impact occurred.

Mr. Schoor, the accident reconstruction expert, opined that plaintiff's vehicle had moved into the lane of oncoming traffic to make a left-hand turn for a short cut. This testimony is not supported by facts and is speculative.

While the defendant contests liability, it is the opinion of the Arbitrator that the accident is one hundred percent (100%) the fault of the defendant as the evidence does not support anything other than that which is contained in the police report that the impact was caused by defendant's vehicle attempting to cross a continuing stream of traffic to make left-hand turn from National Road on to Talmadge Road when he struck the vehicle driven by plaintiff.

With respect to the injuries sustained by the plaintiff, it is uncontested that the impact was slight. In addition, the police report confirms that neither driver sought medical attention at the scene of the accident.

Plaintiff, Julio Hernandez, testified that as a result of the impact, his head, while he was belted, hit the driver's side window as a result of the broadside force. Mr. Schoor, who is not a

biomechanical engineer, did not testify to "injury causation" and did not deny that as a result of the degree of force caused by the pick-up truck hitting the Camry, plaintiff's head could have hit the driver's side window as testified by Mr. Hernandez.

Mr. Hernandez sought medical attention the same day of the accident with Dr. Serge Menkin, an orthopedic surgeon, and, thereafter, with Dr. Jeff Pan, a neurosurgeon. Plaintiff claims injuries to his neck, lower back, and right shoulder. MRIs revealed disc herniations across cervical and lumbar spine and disc bulges across portions of his cervical and lumbar spine, as well as right shoulder, rotator cuff, tendinitis/tendinosis.

Plaintiff admits to a pre-existing injury to his right shoulder. He was out of work for one month following cervical disc surgery performed by Dr. Fan at C5-C6 for the insertion of a prosthetic disc. He had prior surgeries on his shoulder in 2002 and again in 2009-2010 for his rotator cuff. Plaintiff testified that before the accident his shoulder was fine. Plaintiff also had prior back pain which was treated conservatively by a chiropractor as far back as 1995 and 1996.

There is no economic loss claimed.

Defendant offered no cross-examination of the plaintiff with respect to the medical testimony or plaintiff's injuries. However, the materials presented by defendant in the Arbitration Statement included a report from a defense orthopedist, Dr. Steven C. Hausmann. Dr. Hausmann issued a report referring to plaintiff's past surgical history with respect to his right shoulder injury which included a torn right rotator cuff which required surgery in 2002.

The defendant also presented the IME report of Dr. Lomazow. Dr. Lomazow referenced chiropractic treatment and acupuncture for the cervical spine injuries. While Dr. Lomazow's report indicates that there is "no neurological permanency" in conjunction with the injury, the plaintiff, Julio Hernandez, testified to daily pain and discomfort and demonstrated the lack of

mobility in his neck following the cervical surgery which left a permanent scar on the right side of his neck.

There is no dispute that there is a health care insurance lien in the amount of $76,934.06, and a Medicare lien of $1,595.51 for a total lien attributable to the accident of **$78,529.57.**

It is the opinion of the Arbitrator that the right shoulder injury must be discounted as a result of the pre-existing rotator cuff injury and surgery, as well as the lumbar spine injury which was an exacerbation of a pre-existing condition.

The cervical spine injury and the resulted surgery, in the opinion of the Arbitrator, is directly and proximately caused by the accident. There is no testimony that is contrary to this opinion with respect to injury causation or that plaintiff's head struck the driver's side window as a result of the impact causing the cervical injury complained of.

Taking all of the above into account, based upon my evaluation of the testimony, the medical reports, the medical bills, including the liens in question, I find in favor of the plaintiff for damages for pain and suffering, temporary and permanent disability, in the amount of **$250,000.00**, inclusive of the medical liens in the amount of $78,529.57.

Based upon all of the evidence presented, I award the plaintiff, Julio Hernandez, the sum of **$250,000.00** against defendant, Joseph D. Light. There was no claim for *per quod* damages on behalf of plaintiff's spouse.

[signature]

DENNIS J. DRASCO, ESQ.
Arbitrator

DATED: 4/18/18

# NOTICE

**This award will become a final judgment of the court, without the right of appeal, unless a party files with the court a Demand for a Trial De Novo within (30) days (60 days for all parties in actions in which the United States or any employee or agency thereof is a party) after the entry of the arbitration award pursuant to Local Civil Rule 201.1.(h).**